Howard T. Hogan, J.
Plaintiffs bring this action to recover damages caused by defendant’s alleged failure to construct a dwelling house and to grade the premises in accordance with a contract and plans and specifications which were a part thereof, or in a good and workmanlike manner, as provided by said contract.
Defendant pleads as affirmative defenses that the contract which was dated May 19, 1955, provided that: “ Anything to the contrary herein contained notwithstanding, it is specifically understood and agreed by the parties hereto that the acceptance of the delivery of the deed at the time of closing of title hereunder shall constitute full compliance by the seller with the terms of this contract and none of the terms hereof, except as otherwise herein expressly provided, shall survive the delivery and acceptance of the deed”; that title closed and plaintiffs accepted such deed on August 1, 1956; and further, that on June 5, 1956, as a condition of taking possession before title closed, agreed as follows: “ The purchaser agrees to take title to the premises in an ‘ as is ’ condition as of the date of title closing, provided that the builder has complied with all the terms herein to be complied with by it, except that the guarantees provided for in the contract aforementioned shall not be affected by this agreement. After the making of the repairs that the builder may deem necessary, the purchaser shall thereafter have no claim against the builder as a result of his having-taken occupancy of the premises herein, under the terms hereinabove outlined.”
While it appears that the defendant did not follow the plans and specifications precisely, that some of the work may have been defective, and that the improper grading of the earth at the building line may have caused seepage of rain water into the building, all of those conditions were known to the plaintiffs, who had lived in the house for some time prior to acceptance of title. On July 26, 1956, their attorney addressed a letter to the defendant enumerating what he characterized as several “ major defects and variances ” which “ must be corrected and *160 adjusted to meet specifications prior to any final delivery of title.”
Some of the items set forth are the ones now complained of. Nevertheless, plaintiffs did accept title on August 1,1956 without written reservation or without modification of the aforesaid conditions of the contracts. None of these defects were then latent. The complaint contains no allegation of fraud or duress.
Plaintiffs accepted the above-quoted conditions of the corn tracts. The acceptance of title constituted a complete waiver of all objections and a bar to this action. It is true that at the time of closing the Federal Housing Authority exacted "from the seller for the benefit of the purchasers a “ Warranty of Completion in Substantial Conformity with Approved Plans and Specifications ”, which was received in evidence without objection. That instrument may be the basis.of an action on breach of warranty, but the plaintiffs are not now suing on that theory. Their complaint pleads only causes of action on breach of contract. For the aforesaid reasons, defendant’s motion to dismiss the complaint is granted without prejudice to any action which plaintiffs may be advised to institute upon said warranty.
The foregoing are the facts found by the court and constitute its decision as required by section 440 of the Civil Practice Act.